**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosario Parra Hernandez,<br><br>   Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>   Respondents. | No. CV-15-02186-PHX-DJH<br><br>**ORDER** |

   This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (Doc. 8) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Bridget S. Bade (Doc. 19). In his Petition, Petitioner raises nine grounds for relief. (Doc. 8 at 7-20). In the R&R, Judge Bade found that Petitioner filed this Petition after the statute of limitations period set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had expired, that neither statutory nor equitable tolling applied, and that Petitioner failed to present new evidence supporting the claim for an actual innocence exception. (Doc. 19 at 7-15). Therefore, Judge Bade recommended that the Petition be denied and dismissed. (*Id.* at 15).

   Petitioner filed an Objection to the R&R ("Objection") on February 12, 2016. (Doc. 29). Respondents have not filed a Response.

**I.  Standard of Review**

   The district judge "shall make a de novo determination of those portions of the

report or specified proposed findings and recommendations to which objection is made." *United States v. Reyna-Tapia*, 328 F.3d 111, 1121 (9th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)(C)); *see also* Fed. R. Civ. P. 72(b)(3) (stating that "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

**II.     Background and Objections**

The Magistrate Judge reported the full procedural background of this case in her R&R. (Doc. 19 at 1-6). Petitioner does not object to Judge Bade's account of facts related to Petitioner's charges, trial, sentence, or direct appeal; the Court thus adopts them here. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (stating that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection").

Petitioner does, however, object "in part" to the Magistrate Judge's account of the facts relating to his first, second, third, and fourth post-conviction facts as being "incomplete and/or erroneous in part." (*See* Doc. 29 at 1-5). The Court has reviewed the record and finds that the facts related to these post-conviction proceedings as provided by Judge Bade in her R&R are accurate. The Court thus overrules any objection to them.

Petitioner's primary objection is to Judge Bade's conclusion that Petitioner does not qualify for equitable tolling of AEDPA's statute of limitations or the actual innocence exception to AEDPA's statute of limitations. (Doc. 29 at 6-15). Petitioner restates Grounds One, Two, Three, Four, and Nine from the Petition on ineffective assistance of counsel and argues that these claims warrant equitable tolling of the AEDPA statute of limitations. (Doc. 29 at 6-12). Petitioner also restates Ground Five from the Petition that, based on newly discovered evidence, he is actually innocent, and thus should be excepted from AEDPA's filing deadline. (Doc. 29 at 12-15). The Court will accordingly review these objections *de novo*.

### III. Analysis

The AEDPA imposes a one-year statute of limitations on state prisoners' federal petitions for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states that the limitations period shall run from the latest of the date on which: (1) direct review becomes final, (2) an unlawful state-created impediment to filing is removed, (3) a new constitutional right is made retroactively available, or (4) the factual predicate of the claims presented could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

After conducting its own *de novo* review, the Court agrees with the Magistrate Judge that this Petition is untimely because Petitioner filed it more than sixteen years after the AEDPA statute of limitations expired. (Doc. 19 at 9).

### A. Triggering Date For Petitioner's Limitations Period

In assessing the various triggering events under § 2244(d)(1), the Magistrate Judge determined that the statute of limitations for Petitioner's habeas petition began to run on March 29, 1999. The Court agrees.

"When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court." *Porter v. Ollison*, 620 F.3d 952, 958-59 (9th Cir. 2010). Here, the Arizona Supreme Court denied Petitioner's direct appeal on January 18, 1996. (Doc. 18, Ex. O). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court. Thus, direct review of his conviction became final for purposes of § 2244(d)(1)(A) on April 17, 1996. Because Petitioner's conviction became final prior to AEDPA's enactment on April 24, 1996, however, he had a one-year grace period from the date of the statute's enactment to file his federal habeas corpus petition. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). As the Magistrate Judge noted, however, by the time the grace period started on April 25, 1996, Petitioner had already filed a petition

for post-conviction review; as such, when that one-year grace period began on April 25, 1996, it was immediately subject to statutory tolling. 28 U.S.C. § 2244(d)(2); *see Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002) (noting that, under AEDPA, "a prisoner is entitled to tolling for the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim'"); *see also Isley v. Ariz. Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004) (stating that, in Arizona, post-conviction review is pending once a notice of post-conviction relief is properly filed). The trial court ultimately denied Petitioner's post-conviction relief and gave Petitioner until March 27, 1998 to file a motion for rehearing or a petition for review in the appellate court. (Doc. 18, Exs. JJ and KK). Because Petitioner opted not to proceed with either of these avenues, the tolling period ceased, and the one-year limitations period began to run on March 27, 1998, expiring one year later, on Monday, March 29, 1999. None of the subsequent notices of post-conviction relief further tolled the limitations period because all were filed well after March 29, 1999. (*See* Doc. 18, Exs. LL, UU, BBB, DDD). *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that, after the limitations period has ended, filing a petition for state post-conviction relief will not reinitiate the limitations period).

Petitioner did not file his Amended Petition until October 29, 2015. As such, under § 2244(d)(1)(A), and absent equitable tolling or an exception, the Amended Petition is untimely.[1]

---

[1] Although the Petitioner makes a general objection to the Magistrate's findings regarding the start date for the statute of limitations (Doc. 29 at 6), he does not articulate a specific objection to her findings as they pertain to possible alternate start dates under 2244(d)(1)(C) or (D). The Court has reviewed the record and findings as they pertain to alternate start dates under these subsections and agrees with the Magistrate's recommendation. As Judge Bade concluded, Section 2244(d)(1)(C) does not apply here because the Supreme Court did not create new constitutional rights in *Lafler v. Cooper*, 566 U.S. 156 (2012) and *Missouri v. Frye*, 566 U.S. 134 (2012), the two cases cited by Petitioner in his Amended Petition. Moreover, section 2244(d)(1)(D), which provides that a limitations period starts on the date when the factual predicate of the claims presented could have been discovered through due diligence, also does not supply a new starting date for the limitations period here. Petitioner filed a petition for post-conviction relief based on newly discovered evidence on January 30, 1997. (Doc. 18, Ex. AA). Although Petitioner did not expressly make this argument in his Amended Petition, Judge Bade addressed it and appropriately noted that, even if the limitations period then began on January 30, 1997, Petitioner's Amended Petition still would have been filed nearly fifteen years late.

**B. Equitable Tolling**

The Court agrees with Judge Bade that Petitioner is not entitled to equitable tolling, but because Petitioner makes specific objections to this finding, the Court will review it de novo. AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 648-49 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented" him from timely filing the petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (internal quotation marks omitted)). A petitioner must exercise "reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement, and is unavailable in most cases. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEPDA] is very high, lest the exception swallow the rule") (citation omitted)). Some external force must cause the untimeliness rather than petitioner's own "oversight, miscalculation or negligence." *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner bears the burden of showing that equitable tolling is appropriate in his case. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Because the Court finds that Petitioner has not shown any extraordinary circumstances that relate to his failure to timely file this Petition, the Court need not conduct an analysis of whether Petitioner diligently pursued his rights. Instead, the Court will address the "extraordinary circumstances" requirement. Egregious attorney misconduct can constitute extraordinary circumstances for tolling AEDPA's statute of limitations. *See, e.g.*, *Luna v. Kernan*, 784 F.3d 640, 646-47 (9th Cir. 2015) (stating that "affirmatively misleading a petitioner that a timely petition has been or will soon be filed" may be "egregious professional misconduct" that constitutes an extraordinary

circumstance to toll the limitations period, but "run-of the mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances"); *Ross v. Varano*, 712 F.3d 784, 803 (3rd Cir. 2013) (finding equitable tolling appropriate when an attorney misses deadlines, fails to communicate with his client, and gives misleading statements to his client).[2] However, the Supreme Court has held that an attorney's negligence, such as miscalculating a deadline, will not statutorily toll AEDPA's time limit. *Holland v. Florida*, 560 U.S. 631, 652 (2010). Moreover, a petitioner's ignorance of the law and lack of representation during the applicable filing period generally do not constitute the extraordinary circumstances necessary to toll AEDPA's limitations period. *See Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (finding that delay caused by misunderstanding proper filing procedures is not sufficient to trigger equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented petitioner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). Even if an attorney has engaged in misconduct, that misconduct must also be the *cause* of the habeas petition's untimeliness; in other words, the misconduct must have *prevented* the petitioner from timely filing the habeas petition. *Luna*, 784 F.3d at 649 ("Having concluded that [the attorney's] professional misconduct constitutes an extraordinary circumstance, we must next determine whether that misconduct prevented [the defendant] from filing his . . . petition on time (what we have sometimes referred to as the 'causation' requirement")); *see also Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013) (stating that equitable tolling is only available "when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the [petition's] untimeliness") (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)).

---

[2] Courts have also found state action can constitute extraordinary circumstances that warrant tolling AEDPA's statute of limitation. *See, e.g.*, *Sossa v. Diaz*, 729 F.3d 1225, 1256 (9th Cir. 2013) (denying a prisoner reasonable access to the library or his legal files); *Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (affirmatively misleading a prisoner to file incorrect documents or in an improper venue or at an improper time); *Pliler v. Ford*, 542 U.S. 225, 234 (2004) (affirmatively misleading a prisoner about the time he has left to file).

Here, Petitioner raises an equitable tolling argument for the first time in his Objection based on his ineffective assistance of counsel claims. (Doc. 29 at 11). Petitioner specifically argues that his trial counsel was ineffective for failing to properly explain a plea offer (Doc. 29 at 9), not presenting evidence that an identification witness was mistaken or made inconsistent statements (*Id.*), failing to challenge the trial court's enhancement of the two kidnapping counts' sentences (Doc. 29 at 10), failing to present testimony from a police officer that tended to support Petitioner's alibi (*Id.*), and failing to adequately investigate the case (*Id.*). He argues that his post-conviction counsel had a conflict of interest with his trial counsel, which resulted in the post-conviction counsel's failure to raise the ineffective assistance of trial counsel claims during the first post-conviction appeal. (Doc. 29 at 8). Petitioner argues that these claims constitute extraordinary circumstances for equitable tolling purposes. (Doc. 29 at 7). However, Petitioner does not establish how any of these alleged acts of ineffective representation prevented him from timely filing a federal habeas petition. Unlike those situations in which courts have found that extraordinary circumstances justified tolling the limitations period because an attorney's conduct so egregiously affected a petitioner's ability to timely file his petition, Petitioner here fails to make any allegation of misconduct affecting his ability to timely file his Petition. He does not, for example, state that his post-conviction counsel or trial counsel affirmatively misrepresented filing dates, gave him misleading information, or missed filing deadlines. In the absence of such facts, the Court agrees with Judge Bade that no extraordinary circumstances exist that prevented Petitioner from timely filing his Petition.

**C. Actual Innocence**

Petitioner has also not established a claim of actual innocence that would be an equitable exception to AEDPA's statute of limitations. Petitioner asserts that third party evidence and forensic testing would reveal an alternate perpetrator. (Doc. 8 at 12). In very limited circumstances, an actual innocence claim allows courts to consider otherwise untimely habeas corpus petitions. *Stewart v. Cate*, 757 F.3d 929, 937-38 (9th Cir. 2014).

1  The Supreme Court has held that, in order for a petitioner to successfully claim an actual innocence exception, he must be able to pass through the *Schulp v. Delo* actual innocence gateway by showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schulp v. Delo*, 513 U.S. 298, 327 (1995). The evidence must be reliable and must not have been presented at trial. *Id.* at 324. Reliable evidence includes exculpatory scientific evidence, trustworthy eyewitness accounts, and critical physical evidence. *Id.*

Here, Petitioner fails to present new, reliable evidence in support of his actual innocence claim. He alleges that new DNA testing procedures would prove his innocence and that the Arizona Department of Public Safety ("DPS"), as a law enforcement agency, used outdated DNA testing procedures, did not take proper precautions when handling the evidence, and was biased against him. (Doc. 29 at 14-15). As found by Magistrate Judge Bade, he has not presented any reliable evidence to establish this assertion.

Likewise, there is no reliable evidence supporting Petitioner's claims that the eyewitness testimony was unreliable or that Petitioner's co-defendant testified falsely in exchange for a reduced sentence. (Doc. 29 at 13). The Maricopa County Superior Court found that the victim's eyewitness testimony was reliable, and that the co-defendant's subsequent recantation of his testimony in prison was not, especially because the co-defendant had been deported to Mexico and thus could not be directly questioned. (Doc. 19, Ex. KK at 2-3). Further, the Maricopa County Superior Court found that neither Petitioner's testimony about the recantation nor the affidavit from a prisoner who allegedly heard the co-defendant's recantation were sufficient to support Petitioner's claim of mistaken identity. *Id.* at 3. The court found that both men had strong incentives to lie, and the story seemed "incredible at best." *Id.* Therefore, Petitioner's claim for an actual innocence exception to AEDPA's statute of limitations fails because Petitioner has not produced reliable evidence that shows that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schulp*, 513 U.S. at 314-15. …

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 19) is **accepted** and **adopted**. Petitioner's Objections (Doc. 29) are overruled.

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 8) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 29th day of March, 2019.

Honorable Diane J. Humetewa
United States District Judge